IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONALD D. RUSSO,<br><br>    Plaintiff,<br><br>vs.<br><br>BALLARD MEDICAL PRODUCTS, and KIMBERLY-CLARK CORPORATION,<br><br>    Defendants. | ORDER AND MEMORANDUM DECISION<br><br><br>Case No. 2:05-cv-59 TC |

After the jury ruled for Plaintiff Ronald Russo against Defendant Ballard Medical Products ("Ballard"), Mr. Russo and Ballard filed post-verdict motions with the court. Mr. Russo has requested prejudgment interest from the date of the verdict, exemplary damages, and attorneys' fees. Ballard has moved for judgment as a matter of law, remittitur of damages, and for a new trial.[1]

The court denies Mr. Russo's motions. Prejudgment interest is inappropriate because the award is the product of jury discretion and because the award compensates Mr. Russo for unjust enrichment. Further, the court does not find this matter appropriate to award exemplary damages or attorneys' fees.

---

[1] Although oral argument was requested in this matter, the court is very familiar with this case. After presiding over the trial and thoroughly considering several pre-trial motions, the court understands the law, the arguments, and the complex facts of this matter. Accordingly, oral arguments are not necessary.

The court also denies Ballard's motion. The court will not disturb the jury verdict because the weight of the evidence supports the jury's findings.

Consequently, all motions are DENIED for the reasons stated below.

## BACKGROUND[2]

This case was transferred here from the District of Rhode Island. After several rulings and nearly two years of litigation, the case went to trial on November 6, 2006. The jury returned a verdict for Mr. Russo against Ballard, finding no liability for co-Defendant Kimberly-Clark Corporation.[3] The jury awarded Mr. Russo $17 million for misappropriation of his trade secret, and $3 million for breach of a Confidential Disclosure Agreement ("CDA") (dkt. #347).

After the verdict, the court granted Ballard's motion to stay all post-verdict briefing (dkt. #361) and entered a briefing schedule (dkt. #363). All motions currently before the court are timely under this schedule.

## ANALYSIS

I.   THE COURT DENIES MR. RUSSO'S REQUESTS FOR PREJUDGMENT INTEREST, EXEMPLARY DAMAGES, AND ATTORNEYS' FEES

The court has considered the facts of this case and the controlling authorities, and denies Mr. Russo's requests for (A) prejudgment interest from the date of the jury verdict, (B) exemplary damages, and (C) attorneys' fees.

---

[2] Because the jury has rendered a verdict in this matter, the background is limited to pertinent procedural history.

[3] Kimberly-Clark Worldwide, Inc. formerly was a Defendant in this matter. By stipulation on March 2, 2006, Kimberly-Clark Worldwide, Inc. was dismissed with prejudice (dkt. #104).

A.     **Prejudgment Interest**

Mr. Russo is not entitled to prejudgment interest on the verdict because the award is not definitely calculable and is based on unjust enrichment. To determine if Mr. Russo merits prejudgment interest, the court looks to Utah law. Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1156 (10th Cir. 2000) ("'A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest.'") (quoting Chesapeake Operating, Inc. v. Valence Operating Co., 193 F.3d 1153, 1156 (10th Cir. 1999)). The Utah Rules of Civil Procedure state "[t]he clerk must include in any judgment signed by him any interest on the verdict or decision from the time it was rendered, and the costs, if the same have been taxed or ascertained." Utah R. Civ. P. 54(e). But Utah courts award prejudgment interest only "in cases where 'damages are complete' and can be measured by 'fixed rules of evidence and known standards of value.'" Smith v. Fairfax Realty, Inc., 2003 UT 41, ¶ 17, 82 P.3d 1064 (quoting Fell v. Union Pac. Ry. Co., 88 P. 1003, 1007 (Utah 1907)). Recognizing "that all claims can be reduced eventually to monetary value," Canyon Country Store v. Bracey, 781 P.2d 414, 422 (Utah 1989), courts "deny awards of prejudgment interest in cases where damage amounts are to be determined by the broad discretion of the jury." Smith, 2003 UT 41, ¶ 20. And courts deny prejudgment interest on an award for unjust enrichment. Shoreline Dev't, Inc. v. Utah County, 835 P.2d 207, 212 (Utah Ct. App. 1992) ("Prejudgment interest may not be subsequently added by a trial court to a jury's award for unjust enrichment.").

Here, the $20 million award was based on the perceived harm of Ballard's misappropriation of trade secrets and breach of the CDA. When determining the damages, the jury weighed the conflicting opinions of experts who testified to a spectrum of damages, some in

excess of the jury's award.  Further, the jury likely considered Ballard's unjust enrichment in determining the damages, precluding an award of prejudgment interest.  (See Jury Instr. No. 26 ("But damages may also include any unjust enrichment flowing to the party that misappropriated the trade secret.") (dkt. #349).)[4]  Accordingly, Mr. Russo's jury verdict does not qualify for prejudgment interest under Utah law.  His Motion for an Award of Prejudgment Interest (dkt. #364) is DENIED.

### B. Exemplary Damages

After extensive consideration of the evidence and the arguments by both sides, the court does not award exemplary damages to Mr. Russo.  The statute which contemplates exemplary damages renders the award of such damages to the discretion of the court.  Utah Code Ann. § 13-24-4(2) ("If willful and malicious misappropriation exists, the court **may** award exemplary damages in an amount not exceeding twice any award made under Subsection (1).") (emphasis added).  The jury found "Mr. Russo prove[d] by a preponderance of the evidence that the misappropriation of the trade secret [by Ballard] was the result of willful and malicious conduct."[5]  (Special Verdict Form, Q. No. 3 (dkt. #347).)  But "punitive damages should be awarded only when they will clearly accomplish a public objective not accomplished by the

---

[4]The jury instruction reflects the language of the Utah statute, which states "[d]amages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss."  Utah Code Ann. § 13-24-4(1).

[5]The court again rejects Ballard's argument that jury instruction should have required clear and convincing evidence for willful and malicious misappropriation.  The Utah Uniform Trade Secrets Act "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret."  Utah Code Ann. § 13-24-8(1) Contrary to Ballard's continuing arguments, Utah Code Section 78-18-1—which expressly states it is inapplicable to claims "otherwise provided by statute"—does not control this case.

award of compensatory damages." Behrens v. Raleigh Hills Hosp., Inc., 675 P.2d 1179, 1187 (Utah 1983). After much consideration, the court does not find a public objective would be served by awarding exemplary damages. The court DENIES Mr. Russo's Motion for an Award of Exemplary Damages (dkt. #352).

### C.  Attorneys' Fees

After thoroughly considering the record, the court does not exercise its discretion to award attorneys' fees. Under the statute, the decision to award attorneys' fees rests exclusively with the court. Utah Code Ann. § 13-24-5 ("If . . . willful and malicious misappropriation exists, the court **may** award reasonable attorneys' fees to the prevailing party.") (emphasis added). Because the jury found the misappropriation willful and malicious, the court has authority to award attorneys' fees. (See Special Verdict Form, Question No. 3 (dkt. #347).) But Utah courts have explained a presiding judge maintains "'equitable discretion to deny attorney's fees . . . when . . . applying a statute which allows the discretionary award of such fees.'" Saunders v. Sharp, 840 P.2d 796, 809 (Utah Ct. App. 1992) (quoting Cobabe v. Crawford, 780 P.2d 834, 836 (Utah Ct. App. 1989)); see also Cafferty v. Hughes, 2002 UT App 105, ¶ 30, 46 P.3d 233 (Utah Ct. App. 2002) ("This case involves an award of attorney fees on an equitable basis. Thus, the trial court has greater discretion to deny attorney fees."); Cf. Group One, Ltd. v. Hallmark Cards, Inc., 407 F.3d 1297, (Fed. Cir. 2005) (Under federal patent law, "a district court has discretion to award, or not to award, enhanced damages and attorney fees based upon a jury finding of willfulness."). After carefully reviewing the evidence and circumstances, the court does not deem this matter extraordinary to justify awarding attorneys' fees. Mr. Russo's Motion For Attorneys' Fees (dkt. #354) is DENIED.

II. THE COURT WILL NOT DISTURB THE JURY VERDICT AND DENIES BALLARD'S MOTION

Because the jury verdict is supported by the weight of the evidence, the court refuses to disturb the jury's decision. The court will denies Ballard's requests for (A) judgment as a matter of law, (B) a new trial, or (C) remittitur of the damages.

### A. <u>Ballard Is Not Entitled to Judgment as a Matter of law</u>

Because Ballard cannot meet the burden necessary to reverse a jury verdict, the court will not issue judgment as a matter of law. After a jury verdict, the Federal Rules permit a court to enter judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis" for its decision. Fed. R. Civ. Pro. 50(a), (b). "Such a judgment is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." <u>Snyder v. City of Moab</u>, 354 F.3d 1179, 1184 (10th Cir. 2003). When ruling on a motion for judgment as a matter of law, the "court does 'not weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for that of the jury.'" <u>Minshall v. McGraw Hill Broad. Co., Inc.</u>, 323 F.3d 1273, 1279 (10th Cir. 2003) (quoting <u>Medlock v. Ortho Biotech, Inc.</u>, 164 F.3d 545, 549 (10th Cir. 1999)).

Ballard does not come close to meeting this heavy burden. The verdict is well supported by evidence Russo presented at trial, as well as the inferences of that evidence.

Ballard attempts to discredit the jury verdict by asserting Mr. Russo did not satisfy the standards for proof of inventorship under federal patent law. But as this court has already held, Mr. Russo's claims are not preempted by patent law. (<u>See</u> Aug. 10, 2006 Order & Mem. Dec., at 18-22 (dkt. #252).) As the court previously explained, "property interests protected by federal

patent law are not implicated in the present suit and federal patent law will therefore not operate to preempt the state law governing Mr. Russo's claims." (Id. at 21.) The court finds Ballard's preemption arguments no more persuasive now that the jury has entered its verdict. Accordingly, the court continues to apply Utah law, specifically the Utah Uniform Trade Secrets Act ("UTSA"). Russo presented ample evidence to support his claims under the UTSA and Ballard's preemption arguments are again rejected.

Having considered the proceedings carefully, the court is confident that the jury relied on the evidence presented at trial because the record supports the verdict. Accordingly, the court DENIES Ballard's Motion for Judgment as a Matter of Law (dkt. #384).

### B. The Court Denies Ballard's Request for a New Trial

Similarly, this case does not present the circumstances necessary for a new trial. The Federal Rules of Civil Procedure allow a court to order a new trial after a jury verdict "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." Fed. R. Civ. P. 59. Courts have awarded a new trial "where the jury verdict is against the weight of the evidence, the damages are excessive, a party was prejudiced by erroneous evidentiary rulings, or the trial was not fair to the moving party." Megadyne Med. Prods., Inc. v. Aspen, 864 F. Supp. 1099, 1102 (D. Utah 1994). As described more fully below, none of these circumstances exists here. Ballard's Motion for a New Trial (dkt. #384) is DENIED.

#### Weight of the Evidence

Although courts require a lower evidentiary standard to award a new trial than judgment as a matter of law, Ballard does not meet the standard. Even under this lower standard, a new

trial is proper only if the verdict "is 'clearly, decidedly or overwhelmingly against the weight of the evidence.'" Escue v. N. Okla. Coll., 450 F.3d 1146, 1157 (10th Cir. 2006) (quoting Black v. Hieb's Enters., 805 F.2d 360, 363 (10th Cir. 1986)).  After reviewing the record and carefully considering Ballard's arguments, it is undeniable the jury verdict aligns with the great weight of the evidence.  Although Ballard attacks the credibility of Mr. Russo's evidence, the court must "bear[] in mind that '[t]he jury . . . has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." Snyder, 354 F.3d at 1188 (quoting United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1226 (10th Cir. 2000)).  Accordingly, Ballard has failed to show that the verdict is "clearly" against the weight of the evidence and the court will not grant a new trial.

       Damages

Further, the jury award accords with the weight of the evidence and does not justify granting Ballard a new trial.  "It is well settled that a verdict will not be upset on the basis of speculation as to the manner in which the jurors arrived at it." Midwest Underground Storage, Inc. v. Porter, 717 F.2d 493, 501 (10th Cir. 1983).  While Ballard may offer various explanations for reduced damages—which are essentially the same arguments the jury rejected at trial—the court need not speculate what prompted the jury to arrive at its precise figure.  Mr. Russo presented evidence that his damages exceeded $30 million.  Upon consideration of alternative experts, the jury awarded significantly less.  Undoubtedly, however, the jury thoughtfully and deliberately considered the evidence when awarding Mr. Russo $20 million.  After reexamining the evidence, the court does not find the awarded damages are sufficiently excessive to justify

granting Ballard's request for a new trial.

>Evidentiary Rulings

Upon thorough reconsideration of the court's evidentiary rulings, the court holds no prejudicial error was made to merit a new trial. Ballard attacks three of the court's evidentiary rulings: (1) excluding Mr. Russo's affidavit; (2) excluding Mr. Russo's resume; and (3) excluding Mr. Russo's past interactions with Ballard.[6] As explained more fully below, none of these evidentiary rulings was made in error, and the court does not award Ballard a new trial based on these rulings.

First, Mr. Russo's affidavit was properly excluded based on judicial estoppel. Ballard sought to introduce that Mr. Russo had "contend[ed] that the parties did not intend that Drawing No. 4 would be covered by the Confidential Disclosure Agreement." (Ballard's Br. Supp. Post-Verdict Motions, at 17 (dkt. #385).) After extensive consideration of Ballard's arguments, the court ruled "Defendants are estopped from arguing that Drawing No. 4 is outside of the protection offered by the Confidential Disclosure Agreement." (Aug. 10, 2006 Order & Mem. Dec., at 13 (dkt. #252).) Because Ballard convincingly argued the CDA governed the dispute, the District Court of Rhode Island transferred the case to this court under the CDA's forum selection clause. Id. Consequently, the court judicially estopped Ballard from denying the

---

[6]Separately, Ballard attacks the court's rulings which excluded documents that Ballard failed to produce in a timely manner, claiming Mr. Russo "use[d] its ruling as a sword." (Ballard's Br. Supp. Post-Verdict Motions, at 23 (dkt. #385); see Nov. 1, 2006 Order & Mem. Dec., at 3 (dkt. #332)) ("The prejudice to Plaintiff if these documents were admitted into evidence would be substantial and the burden flowing from Defendants' failure to disclose the documents earlier properly falls on them."). But a comprehensive review of the record reveals the court admitted the excluded documents when necessary. (See T.R. Nov. 9, 2006, 180:15-183:25.) Ballard's arguments of spoliation are unavailing and the court will not grant a new trial on these grounds.

applicability of the CDA to the dispute. Id. Excluding extrinsic evidence which would serve only to attack the Rhode Island court's ruling, the court granted Mr. Russo's Motion in Limine to Exclude Extrinsic Evidence Concerning Interpretation of the Confidential Disclosure Agreement (dkt. #149). Having fully reconsidered the court's previous ruling, the court finds judicial estoppel was properly invoked and the extrinsic evidence was properly excluded.

Second, Mr. Russo's false statement on his resume nearly thirty years ago was properly excluded under Federal Rule of Evidence 403. After careful consideration of Mr. Russo's Motion in Limine to Exclude Evidence Concerning Mr. Russo's 1978 Resume (dkt. #117), the court previously ruled "the probative value of Mr. Russo's false statement on his 1978 resume is substantially outweighed by the possibility of unfair prejudice." (Aug. 10, 2006 Order & Mem. Dec., at 23 (dkt. #252).) Because Mr. Russo's misstatement occurred so long ago, the court found little probative value of a potential misrepresentation in this case. Thorough reconsideration of the record produces the same result. The misstatement was properly excluded because the probative value was substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403.

Third, the court properly denied the admission of evidence about Mr. Russo's prior conduct. (T.R. Nov. 7, 2006, 230:12-232:11.) Ballard seeks a new trial because the court refused to allow the question "Can you tell the jury why the decision was made not to renew Mr. Russo's consulting agreement in 1994 at Ballard?" (Id. 230:22-24.) During trial, Ballard argued the question was proper to help the jury "in their effort to weigh the credibility of Mr. Russo." (Id. 232:6.) As the court explained when making its ruling, the question is inadmissible character evidence. (Id. 231:17-20, 232:8-11.); Fed. R. Evid. 608(b) ("Specific instances of the conduct of

a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence."); Fed. R. Evid. 404. The court also explained that the question was unduly prejudicial under Federal Rule of Evidence 403. (T.R. Nov. 7, 2006, 231:17-20, 232:8-11.) After closely examining the record and reconsidering its ruling, the court finds the probative value of the evidence substantially outweighed by the potential for prejudice and denies granting a new trial based on this evidentiary exclusion.

Ballard has disagreed with three of the court's evidentiary rulings, but there is inadequate evidence of prejudice to justify granting a new trial on these rulings. After reconsidering these rulings, the court does not award Ballard a new trial.

Fairness of Trial

Other than the arguments already discussed, Ballard has not offered a specific instance of unfair prejudice to support granting a new trial.[7] The court similarly denies the request for a new trial based on prejudicial unfairness.

After a careful review of Ballard's arguments, the record, and the law, the court does not find adequate justification for a new trial and DENIES Ballard's Motion for a New Trial (dkt. #384).

### C. Remittitur Is Not Proper

After carefully reviewing the evidence that supports the jury's damages award, the court

---

[7]Ballard restates its argument that the jury instructions improperly required Mr. Russo to prove willful and malicious conduct by a preponderance of the evidence instead of by clear and convincing evidence. As the court has ruled repeatedly in this matter, this case is governed by the UTSA. Accordingly, preponderance is the correct standard under Utah Code Section 13-24-8(1).

finds remittitur improper in this case. Remittitur is appropriate only if the court deems the damages excessive. "'[F]ederal law governs the decision whether a remittitur should be granted in a diversity case.'" Blanke v. Alexander, 152 F.3d 1224, 1236 (10th Cir. 1998) (quoting K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1162 (10th Cir. 1985)). "Absent an award that shocks the judicial conscience or raises an irresistible inference that passion, prejudice, corruption or other improper cause played a part in the jury's damage award, we will not disturb the jury's damage award." Woolard v. JLG Industries, Inc., 210 F.3d 1158, 1174 (10th Cir. 2000). As already stated, Mr. Russo presented significant evidence of damages in excess of the jury's award. There is insufficient justification to disturb the damages awarded by the jury. The court DENIES Ballard's Motion for Remittitur (dkt. #384).

## ORDER

For the foregoing reasons, Mr. Russo's Motion for Prejudgment Interest (dkt. #364), Motion for Exemplary Damages (dkt. #352), and Motion for Attorneys' Fees (dkt. #354) are DENIED. Ballard's Motion for Judgment as a Matter of Law, for Remittitur of Damages, or for New Trial (dkt. #384) is also DENIED.

DATED this 7th day of March, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge